IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-364-FL

| | |
|---|---|
| LORI D. FAUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE 21, 23). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones issued a memorandum and recommendation ("M&R") (DE 27), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand the case to the Commissioner for further consideration. Defendant timely filed objection to the M&R, and the deadline for plaintiff's response has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for supplemental security income and disability insurance, alleging disability beginning July 12, 2009. This application was denied initially and upon reconsideration. A hearing was held on August 18, 2011, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled in a decision dated November 4, 2011. The

appeals council denied plaintiff's request for review on March 19, 2013. On May 17, 2013, plaintiff filed complaint in this court.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the

2

record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform his past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since July 12, 2009. At step two, the ALJ found that plaintiff had the following severe impairment: degenerative disc disease of the cervical and lumbar spine, bursitis, bilateral knee pain, and fibromyalgia. However, at step three, the ALJ further determined that this impairment was not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, except that

> she can stand and/or walk a total of six hours in an eight-hour workday. She can sit a total of six hours in an eight-hour workday. She can lift/carry no more than 20 pounds occasionally and 10 pounds frequently. She can climb stairs and ramps occasionally. She can balance, stoop, kneel, crouch and crawl occasionally. She should avoid concentrated exposure to moving or dangerous machinery and unprotected heights. She can reach overhead occasionally with the bilateral arms.

> She must use a handheld assistive device for standing at all times and use the contra-
> lateral upper extremity to lift and carry up to the exertional limits set forth above.

(Tr. 20).

In making this assessment, the ALJ found plaintiff's statements about the severity of her symptoms not fully credible. At step four, the ALJ concluded plaintiff was capable of performing past relevant work as a management analyst, as generally performed.

B.    Analysis

Defendant objects to the magistrate judge's determination that the ALJ failed to properly assess the opinions of Drs. Jonathan Richman and Kathleen Eaton. Upon *de novo* review of defendant's objections, the court agrees with the magistrate judge that remand is required on this basis.

When making an RFC assessment, an ALJ "must always consider and address medical source opinions." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In addition, an ALJ generally must give more weight to the opinion of a treating physician "because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson, 434 F.3d at 654. A "treating source" means an "acceptable medical source who provides . . . medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 416.902; see Meyer v. Astrue, 662 F.3d 700, 705 n. 1 (4th Cir. 2011). At the same time, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (quoting Craig, 76 F.3d at 590).

4

"If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, *7. The ALJ "must 'give good reasons in her notice of determination or decision for the weight she gives the treating source's opinion.'" Russell v. Comm'r of Soc. Sec., 440 F. App'x 163, 164 (4th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2))(brackets omitted). In particular, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

In addition, an ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review. "While the [Commissioner] is empowered . . . to resolve evidentiary conflicts, the [Commissioner], through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984)). In particular, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7. A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." Gordon, 725 F.2d at 236. "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against [her] decision." Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. 2005) (citing Murphy, 810 F.2d at 438).

The parties do not dispute that Dr. Richman, a neurologist from Pinehurst Neurology, P.A., and Dr. Eaton, from Pinehurst Surgical Clinic, both of whom had treated plaintiff since 2006, were "treating physicians." Both physicians gave opinions on several occasions regarding plaintiff's impairments. In October 2008, Dr. Richman opined that "based upon [plaintiff's] chronic pain and associated polypharmacy used to treat her chronic pain, she is unable to perform the essential elements of her job." (Tr. 950). He also stated that, "I do not anticipate any reasonable hope of recovery in the foreseeable future . . . these types of problems tend to be permanent and lead to permanent disability . . . it would be at least 3 to 5 years before I would even consider that she would be able to return to a job as described above." (Id.). In November 2009, Dr. Richman again stated that plaintiff was "disabled." (Id. 999). In November 2010, Dr. Richman responded to a physician questionnaire, providing that plaintiff had an "[i]nability to ambulate effectively." (Id. 994). In February 2009, Dr. Eaton described plaintiff's gait and station as "very guarded, antalgic, methodic, limited," and stated that plaintiff was "permanently disabled . . . . Power wheel chair would be reasonable as she has bilateral [lower extremity] pain ambulating and standard assistive devices aggravate shoulders." (Id. 567-68). In June 2009 she similarly opined that plaintiff had "very limited mobility, guarding, pain with movement" and was "permanently disabled." (Id. 572). On July 7, 2009, Dr. Eaton noted that plaintiff had "widespread multifocal pain issues." (Id. 576). She stated that "[i]t appears that her long term permanent disability has passed. If there is anyone who deserves it it is this patiebnt [sic]." (Id.).

The ALJ analyzed this evidence by stating that "treating sources from Pinehurst . . . found [plaintiff] to be disabled. The claimant continued to work after these findings were made. This

tends to negate the opinion that she was disabled." (Id. 21). This explanation is insufficient in several respects. First, it is simply incorrect that plaintiff continued to work after all of the findings were made. As noted, Dr. Richman described plaintiff as "disabled" in November 2009. (Id. 999). However, the ALJ found plaintiff had not engaged in substantial gainful employment since July 12, 2009, and did not otherwise contest or identify evidence contradicting plaintiff's testimony that she had not worked in any capacity since July 2009. (Id. 33). The ALJ failed to specifically address the November 2009 opinion from Dr. Richman, plaintiff's treating physician, and therefore failed to "sufficiently explain[ ] the weight he [gave] to obviously probative exhibits." Gordon, 725 F.2d at 236. While defendant noted other findings from Dr. Richman's November 2009 examination, it also fails to address the November 2009 statement that plaintiff was "disabled."

Second, the ALJ failed to note or address Dr. Richman's November 2010 statement that plaintiff could not effectively ambulate. (Id. 994). Because this was an opinion from a treating physician, the ALJ was required to address the opinion and give "specific reasons" for failing to adopt it. SSR 96-8p, 1996 WL 374184, at *7; SSR 96-2p, 1996 WL 374188, at *5. Defendant points out that the ALJ found plaintiff did not have an impairment that caused ineffective ambulation, and discussed treatment notes as of March 3, 2011. Defendant states that, "[w]hile the ALJ did not explicitly say so at that point in her decision, the decision makes clear that the opinion offered by Dr. Richman was not consistent with evidence of Ms. Faust's ability to ambulate effectively." (Def.'s Memo. 13). However, because the ALJ never notes Dr. Richman's November 2010 statement, it is not possible to consider whether she found it outweighed by other evidence or not. Defendant's argument amounts to a rationalization by counsel rather than an explanation from

7

the ALJ regarding how inconsistencies or ambiguities were considered and resolved. "[I]t is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, the ALJ must in the first instance provide sufficient explanation for her decision before the court can conclude that it is "supported by substantial evidence and reached through application of the correct legal standard." See Craig, 76 F.3d at 589; see also Pearson v. Colvin, No. 4:12-CV-23-FL, 2013 WL 3243550, at *4 (June 26, 2013).

Third, the ALJ failed to address other relevant evidence that weighed against this decision. In particular, the record included an abundance of evidence that plaintiff's ability to perform her job was seriously compromised. As summarized in the M&R, the record demonstrated that from January 2007 until July 2009, plaintiff was frequently absent from work, took long breaks, frequently left work early, and used large amounts of leave time donated by other employees. "An ALJ may not select and discuss only that evidence that favors [her] ultimate conclusion." Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006) (quoting Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995)) (ellipsis omitted). So far as the ALJ relied on plaintiff's work history to discount the opinions of her treating physicians, the evidence that plaintiff's impairments hindered her ability to perform her job represented "material inconsistencies or ambiguities in the evidence in the case record," and the ALJ was required to explain how these were "considered and resolved." SSR 96-8p, 1996 WL 374184, at *7.

Defendant notes that some of the treating physicians' opinions were given at a time prior to plaintiff's alleged onset of disability. An ALJ's failure to note a treating physician's opinion may constitute "harmless error" when the opinion is "not relevant" to the claimed period of disability.

8

See, e.g., Johnson, 434 F.3d at 655 (holding that court need not evaluate propriety of weight given to treating physician opinion that was submitted after date last insured and 'not relevant' to the claimed period of disability); Rivera v. Colvin, No. 5:11-CV-569-FL, 2013 WL 2433515, at *4 (E.D.N.C. June 4, 2013) (finding "harmless error" where ALJ failed to address opinion inconsistent with substantial evidence in the record pertaining to the time period of alleged disability, given two years prior to plaintiff's alleged onset of disability, concerning injuries that had improved and pre-dated a ten month period of full time work, and the disability application was precipitated by a discrete injurious event that occurred after that medical opinion was given). However, Dr. Richman's October 2008 opinion, rendered less than a year prior to plaintiff's alleged onset of disability, gave a prognosis that plaintiff would not be able to return to her job for "at least 3 to 5 years." (Id. 950). Similarly, Dr. Eaton described plaintiff as "permanently disabled" as late as June 2009, one month prior to plaintiff's alleged onset of disability. (Id. 572).[1] In the circumstances of this case, given the opinions' long-term prognoses of disability, and the relatively close proximity of these long-term prognoses to the alleged onset of plaintiff's disability, the court finds the opinions to be relevant to the claimed period of disability. Therefore, the ALJ's failure to sufficiently explain her reason for discounting these opinions was not "harmless."

Next, defendant argues that Dr. Richman's October 2008 opinion does not state that plaintiff was "unable to work," but only that plaintiff could not perform her job as a management analyst. (Def.'s Obj. 3, citing Tr. 950). The opinion remains relevant because the ALJ found plaintiff was

---

[1] The court also notes an uncertainty concerning Dr. Eaton's statement that "It appears that her long term permanent disability has passed. If there is anyone who deserves it it is this patiebnt [sic]." (Id. 576). Plaintiff argues the statement that plaintiff "deserves it" is a reference to plaintiff's application for disability. Without making a finding as to the meaning of this statement, the court notes it presents an "ambiguity" which the ALJ should consider and address on remand. See SSR 96-8p, 1996 WL 374184, at *7.

capable of performing past relevant work as a management analyst. (Tr. 21). The ALJ was required to address this relevant evidence weighing against her decision. See Ivey, 393 F. Supp. 2d at 390.

Defendant also argues that the medical opinions that plaintiff is "disabled" encroach upon the Commissioner's responsibility to determine disability. It is true that the Commission's regulations distinguish between a treating physician's medical opinions and legal conclusions. Melvin v. Astrue, 602 F. Supp. 2d 694, 699 (E.D.N.C. 2009); see also Morgan v. Barnhart, 142 F. App'x 716, 722 (4th Cir. 2005). "Medical opinions are statements from physicians that reflect judgments about the nature and severity of the claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite impairments, and the claimant's physical or mental restrictions." Melvin, 602 F. Supp. 2d at 699 (quoting 20 C.F.R. § 404.1527(a)(2)) (brackets, ellipses and parentheses omitted). "Legal conclusions are opinions on issues reserved to the ALJ, such as statements by a medical source that the claimant is disabled or unable to work." Id. (quoting § 404.1527(e)(1)) (quotation marks and brackets omitted). "While the ALJ must give a treating physician's medical opinions special weight in certain circumstances, the ALJ is under no obligation to give a treating physician's legal conclusions any heightened evidentiary value." Id. (quoting Morgan, 142 F. App'x at 722); see 20 C.F.R. § 404.1527(e)(3).

Nevertheless, the ALJ must still "evaluate all the evidence to determine the extent to which the treating physician's legal conclusion is supported by the record." Id. (quoting Morgan, 142 F. App'x at 722) (quotation marks, brackets and ellipsis omitted); see also SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996)). As explained above, the ALJ's explanation for why these legal conclusions are not supported by the record – plaintiff's continued efforts to work – is insufficient, because it fails to address relevant evidence weighing against the decision. Ivey, 393 F. Supp. 2d at 390. Furthermore, the opinions consisted of more than legal conclusions of disability, but also

opinions of symptoms and prognosis, such as plaintiff's "chronic pain and associated polypharmacy," (Tr. 950); her small "hope of recovery in the foreseeable future," (id.); and "very guarded, antalgic, methodic, [and] limited," station and gait (id. 567).

Defendant argues for other reasons to discount the opinions, including that plaintiff's work absences were due to numerous medical appointments rather than other impairments, and the presence of other medical findings in the record conflicting with the opinions of Dr. Richman and Dr. Eaton. Because the ALJ did not herself give these reasons for discounting the treating physician opinions, the court will not evaluate them here. Again, "it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

In sum, where the ALJ failed to give a sufficient explanation for discounting the opinions of plaintiff's treating physicians and failed to address relevant evidence weighing against her decision, remand is required. The court does not reach plaintiff's remaining grounds for reversal of the Commissioner's decision.

## CONCLUSION

Based on the foregoing, upon *de novo* review, and upon considered review of the record, the court GRANTS plaintiff's motion for judgment on the pleadings (DE 21), DENIES defendant's motion for judgment on the pleadings (DE 23), and REMANDS this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. §§ 405(g), for further consideration in accordance with this order.

SO ORDERED, this the 16th day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge